1770 James J. Smith v. Thomas Dickhaut Thank you. May it please the court. My name is Stuart Graham. I'm counsel for the appellate petitioner, James Smith. I'd like to request two minutes of my time reserved for rebuttal. You may have it. This is an appeal from the district court's denial of Mr. Smith's petition for a writ of habeas corpus. Mr. Smith was convicted in a Massachusetts state court of murder basis by the Supreme Judicial Court. First issue before the court is whether petitioner's waiver of his right to testify was induced by erroneous legal advice from his counsel and whether such an invalid waiver is structural error. In his affidavit in support of petitioner's motion for a new trial, trial counsel stated as follows. Finally, I did tell Mr. Smith that if he followed my advice and did not testify, then if he were convicted, he could challenge both his failure to testify and my advice post-trial. And that's literally correct? That's precisely correct, yes. However, as I'll say in a moment, it is less than what he was required to say. Well, it's precisely correct, but what does it mean? Under McMahon v. Richardson, a valid waiver is only... No, doesn't it mean, look, as your lawyer, I'm advising you not to testify. If you followed my advice and later you think I was wrong in giving that advice, by all means, you'll be able to challenge that advice and the fact that you waived your right. But the challenge has to be you gave me bad advice. And what's the bad advice? The bad advice is that he could challenge it following trial. Of course he can. It was bad advice to tell me not to testify because, then fill in the blank. Because what? The advice was, if you followed my advice and don't testify if you're convicted, you can challenge both your failure to testify and my advice post-trial. That's a difficult meaning to accept, isn't it? That's why the court appoints counsel. He has the right to rely upon counsel and upon counsel's advice. Can't shift the onus from counsel to the defendant to understand what the law is. He's entitled to rely upon counsel. Counsel told him, look, don't worry. If you accept my advice and you get convicted, you can challenge your failure to testify post-trial. And that's precisely what Petitioner said he understood that advice to be in his affidavit. He said in the affidavit that he understood that the decision not to testify was not final. In that he could challenge it post-trial. The affidavit doesn't say in that. It just says final, right? I'm sorry? I thought all the affidavit said is that his understanding was that the decision not to testify was not final in consequence of the advice. Not final in that he could challenge it post-trial. Right. So what is from the affidavit, what suggests that he has the misapprehension that you're indicating? Because it's true. He could challenge it afterwards. I'm not saying he had a misapprehension. What I'm saying is he understood exactly what counsel told him that he could challenge that advice post-trial. So what's the problem then? The problem under McMahon v. Richardson is that in order for a waiver to be valid, the defendant has to know the likely consequences of that waiver. Every case that has addressed this we haven't been free. Wogan, for example. But I'm saying what's the indication he didn't know the likely consequences? You've shown that the indication is that he understood that one consequence is it would not be irrevocably final because it would be subject to challenge. Right. Okay. What is the consequence that's problematic? Because that's not problematic. That he could successfully challenge it or that he had a chance of success. What indicates that he thought he had a very good chance of challenging it? Well, he didn't say a very good chance. Right. He said I could challenge it. And he can. So that's what I'm asking. What is the indication that he had a problematic misapprehension such that we could say it was not a knowing waiver? That would be totally misleading legal advice to say, oh, you can challenge anything. That's not what counsel was telling. Counsel was trying to convince him that, look, if you go ahead and testify and you get convicted, then you can challenge this. And you'll likely win? Did he say you'll likely win? He said you'll likely win. And so why do we assume that he was saying? Well, he should have said you likely won't win. And you're saying in the absence of him saying that, it's ineffective assistance? What I'm saying is that is erroneous legal advice. There are two issues here. This is just on his advice and whether the waiver based upon that advice is invalid. See, I thought you were saying he was advised that if you take my advice and don't testify and you get convicted, then you can say I told you not to testify, you relied on that, and you shouldn't have relied on that, and so you'll get a new trial. Just because of that. Just because you waived your right on my advice. If that were right, it would be brilliant advice. But I don't see how that makes any sense. It doesn't make much sense to you. It doesn't make much sense to me. But he's entitled to rely upon what counsel told him. But that's what you think he understood? He understood that, look, if I go ahead and don't testify as he wants me to, then if I get convicted, I can challenge my failure to waiver on appeal. And get a new trial. And get a new trial. So the error by counsel, if I'm understanding you correctly, is an error of omission. He should have added on at the end of his statement. But I've got to tell you, it would be a real long shot. That's correct. And so you're saying his failure to say that led his client to form some belief about his prospects of success in the challenge. Where is the support in the record regarding that belief by the client that he had a strong chance of success? I'm saying a strong chance. The support is he went ahead and waived his right to testify. In the record, it's clear that he wanted to testify. Counsel went through a long procedure trying to dissuade him from testifying. You do criminal work. You know there's a whole ton of cases where the client really wants to testify. And one of the reasons they have a lawyer is the lawyer knows they'll kill themselves if they testify. So the lawyer advises them not to testify. That's a standard thing that happens day in, day out. And this lawyer, there's no indication in this record that the advice of counsel that I think you shouldn't testify was wrong. The advice that counsel's, that his advice was wrong is patently false. It is contrary to the law. I'm just talking about counsel formed an opinion that it would be worse off for him if he testifies. Right. If counsel has that opinion, counsel's obligated to tell his client. Right. Is there any argument that the formation of that opinion was erroneous? There was a strategic decision by him that he didn't want him to testify. That's not an issue. So your only problem is with the manner in which he explained the ramifications of that to his client that he left hanging out there, left dangling this possibility of post-conviction challenge that really was a Hail Mary pass. And he had to tell him that. He can't voluntarily, knowingly, and intelligently waive a right unless he knows, in the Supreme Court's words, the likely consequences. The likely consequences are he's not going to be successful. Now, he can't knowingly and intelligently waive a right if he doesn't know that, hey, I'm not going to be able to do this after trial. But he did that because he relied on counsel's advice, and he's entitled to rely on counsel's advice. But you keep saying, and this is what I'm just having trouble finding in the record, that the defendant had to take from what the counsel said, not simply that you can challenge it, but that it would be there's some representation beyond that, that there is a good enough chance of victory in the challenge that it could bear on your decision whether or not to follow the advice. I think in the context of the discussions where he's saying, I want to testify, and he's saying I don't want you to testify, and he's persuading him. Yeah, and suppose it goes like this. You really should not testify. You really shouldn't. The other guy keeps saying, no, I really should. I'd really like to. I'm telling you it's a terrible idea, and if you really think I'm wrong, you can always challenge it. Is that then I'm supposed to say that the defendant in that context must have gleaned from it, I guess I'll probably win? He said more than that. He said you can challenge both my advice and your failure to testify. That's what he said. It's not just part. It's what he said in the context of when he said it, trying to persuade him not to testify, and he leads him to believe that he could be successful in a post-trial challenge where he couldn't be. The advice is wrong. But where is it in the record that he formed that belief? In his affidavit. That he formed the belief that he was going to win or had a real good shot at it. Well, not that he's going to win or a good shot, but he wouldn't follow the advice unless he thought it would be successful. He doesn't say that. He doesn't say that. He doesn't say that he would not have followed the advice but for that representation, does he? In the affidavit? This is in the context. No, I'm just asking, in the affidavit, does he say, the only reason I testified is because of the advice that I could challenge it? That's clearly implied because he goes through his reasons for testifying, reasons for not testifying, and the counsel says, finally, I told him. No, no, in defendant's affidavit. Then the petitioner then says, all right, I understood that advice to be that if I accepted his advice, I could challenge both the advice. And does he in his affidavit say, and that's the only reason I declined to testify? Well, Your Honor, you can apply. If he didn't think he had a successful chance of challenging it, he wouldn't have waived his right to testify. But what I see is him saying that my counsel assured me that if I did not testify, I could challenge his advice in my decision not to testify based on that advice after trial in the event I was convicted. I guess it's agreed by counsel that he said essentially that to him. So far, so good. He said, I understood this to mean my decision was not final. That says the same thing. And then he says, I based my decision not to file on his assurance and his advice. So he's saying he understood the advice to mean his decision not to testify was not final. Right, that he could challenge it post-trial. And the problem is he can challenge it post-trial. The problem is that it's a long shot. That would be totally futile and misleading advice to say, oh, you can challenge anything. Counsel wouldn't tell him that because that is misleading your client. What counsel told him and he intended him to understand is, look, if you do what I say, you can always challenge that, which means you have a chance of getting free trial. Otherwise, you wouldn't tell him that. It makes no sense to tell him, well, you can just challenge anything post-trial. They're saying pointing out a long shot without expressly saying a long shot is inducing the person to think it's a realistic shot. This contradicts exactly because he's saying, look, don't testify. And if you don't, look, you can do this. And if you can do this, but if that's totally futile, what's the point? But then we've got to get back to the point. Go ahead. No, no, go ahead. We've got to get back to the point of a Strickland error. I'm sorry? We've got to get back to the point of being not just wrong but really wrong. Well, it is directly contrary to Supreme Court law. It's got to be a knowing, intelligent, and voluntary waiver, and you have to know the relevant circumstances and likely consequences. He wasn't advised of that. The case of Wogan that we have in the brief says precisely that, without telling the client the downside risk. But is this a problem? Is this a problem? The state court seemed to say, look, he misapprehended the advice. He thought he was going to get a do-over, I guess, but that's a pretty strong misapprehension. Is that a reasonable misapprehension, that he's going to get a do-over by not testifying? His understanding, I think, was quite reasonable. But his understanding is, if I don't testify, I get a do-over if I get convicted. Well, do-over is the- Yeah, go back and get a new trial. Do-over is the court's term. Right. But what he said- Oh, is it the state court's term? Yeah, if it's wrong, you can challenge this. But I thought your point was, no. His understanding was, based on the advice he got, his subjective understanding was, look, if I don't testify and I follow my lawyer's advice and I get convicted, no problem. I'll get another trial. I can challenge- That's what he thought. Right. And so then the question I'm asking is, is that a reasonable misunderstanding? For a client who is unschooled in the law, who knows nothing about the waiver of rights, who doesn't understand appellate rights, who's never been in this position before, and he has very experienced trial counseling telling him you can do that, yes, that's reasonable. And the flip side of that is it's unreasonable for a state court to come to a different conclusion? Yes. And what would be the best authority for that? Because I understand that you're making the argument that, you know, one could think that the defendant really did misapprehend and, therefore, didn't make a knowing waiver. However, we have a state court opinion that we're supposed to give some deference, which says that's just not reasonable. Given this record, there's just no way to conclude he had that, that it's reasonable to think he had that misapprehension. Well, the court never says what a reasonable understanding of counsel's advice would be. And the reason it doesn't, because there is no other reasonable alternative. There's no other way to understand what counsel said. So the court's decision that he was unreasonable is an unreasonable determination of the facts under 2254D2, and just a reasonable standard applies to that. You can't just say, oh, he's unreasonable without saying, well, how is he unreasonable? He repeated and he said exactly what counsel told him. How can that be unreasonable? No one, no court, no one has ever said what would be reasonable in that situation. What could that client in that situation, faced with a murder charge, having counsel tell him, well, you don't have to testify because you can challenge that, what is he supposed to understand? He didn't quite say that. I thought he said, if you don't testify, you can challenge it, not you don't have to testify because you can challenge it. No. He never says that. No, if I just said that, I'm sorry, because what he said. It would be stronger for your position. No, I don't think so. What he said was, take my advice, don't testify, and look, get convicted, you can challenge that advice and your decision not to testify. That is your waiver. You can challenge that on appeal. As has been pointed out over and over, you can challenge it, but that's not your position. Your position is he understood, I will get a new trial. Well, I think no reasonable person would go ahead and waive it if he understood, well, that's just a futile gesture. He wouldn't do that. The only reason he would waive it if he understood, he has a chance of being successful. Otherwise, he wouldn't waive it. Well, unless the advice was really good not to testify. No, he wanted to testify. Except that he didn't testify and he was advised not to. And so on this record, the question is, does the statement you're focusing on, is that the tipping point that led him not to testify such that we could say that's why he didn't testify and therefore it was not a knowing waiver? Or is it plausible on this record to conclude he didn't testify because he was being well advised not to for reasons having nothing to do with the likelihood of a successful challenge and he was also told accurately that he could bring the challenge? If you read the affidavit, it's clear he continually wanted to testify. The counsel says at the end, he says, finally I told him this. And he said, that's why I think he does say, you know, because of that, that's why I didn't. But it's just unreasonable to hold an unschooled criminal defendant facing a murder charge at the end of trial to make the kind of inferences and reasoned judgments of the law that state court required him to do. He can't do that. Thank you, Mr. Gray. Thank you. Good morning.  My name is Jennifer Zelnowski. I'm representing the defendant, the respondent here today. I just want to back up a little bit to point out, especially on this right to testify issue that's been raised here, that there really is no clearly established federal law on this issue for purposes of habeas review. And I think we sort of leaped over that in the petitioner's argument. I just want to make that point clear because when we're looking at what happened in this case, there certainly does, that certainly is an important issue if petitioners are going to try and argue that there was an unreasonable application of clearly established law, which there isn't any. He doesn't point to any, and there isn't any on this precise issue of right to testify. To the extent that he's raising this right to testify issue as part of his ineffective assistance of counsel, the respondent would point out that certainly from this perspective, deference should be given to the state courts in this case. And I think what you want to really focus in on is there was the trial court judge who made findings in this case. He was the trial judge. He was also the motion judge on the new trial. And he makes it pretty clear that Mr. Smith's interpretation that he could somehow reverse his waiver or that his, I believe his actual words in his affidavit were his decision wasn't final, just wasn't reasonable, and it wasn't credible. And that's the decision that the trial court makes. The SJC agrees with that and defers to those findings. They're quite specific. And then when we get to the district court, the district court also agrees with that finding. And I take it one step further with the district court points out that while at trial, trial counsel had the wherewithal to have a stenographer record the final conversation that he had with his client about his right to testify and that he was waiving his right to testify. So there's not a colloquy from the judge himself. There certainly is record here showing that this trial counsel was being conscientious. And I urge you to look at the district court's decision on that, as he finds that to be specifically persuasive on an ineffective assistance claim based on the right to waive his right to testify. With regards to whether or not the advice was disputed or erroneous, again, I point to both the trial judge and the state court and the district court, all of them find that the trial counsel's advice was not erroneous. And so what petitioner is then asking this court to do in a habeas proceeding is to look at that affidavit for yourselves and to make your own factual and your own credibility finding, and that's not appropriate. If a client's trying to decide whether to testify or not, and they want to testify, they've made that clear, the lawyer's telling them not. They're not buying the lawyer's advice. For the lawyer to then say, well, there's this option for a redo, but not tell the client that it's a one out of a hundred shot, isn't that misleading the client? Well, I suppose if you have an attorney that says you have a shot at a redo, I don't think that's certainly isn't what happened in this particular case. And I think really what you have is, and the trial court also points it out, is there's several points, there's several things on the record that indicate that this trial counsel gave good advice to not testify. And that his understanding after the fact and after he had been convicted that his decision wasn't final and that he would somehow be able to undo that waiver is not what his lawyer told him. And it's not reasonable. And I think that's really what it comes down to in this particular case, to suggest that he would get some kind of do over. And I think... Can I ask you this? Let's just indulge the fiction for a moment and say there's a defendant in this circumstance was in fact told by his lawyer, don't worry about it. If you follow my advice not to testify, you not only can challenge it, you'll get a new trial. That's a very different case. Well, it's different, but assume that. Nobody would argue that that's not ineffective assistance. I would suggest you certainly have a better case for ineffective assistance if he's suggesting that he can not only challenge it, but that he can be successful. I think that's ineffective. But if you back it off a little bit to here now, it seems like, I didn't think of this before, so I apologize. But I'm starting to think, well, now we're talking about a subjective construction of the advice by this defendant, as counsel points out. And so if he mistakenly, but subjectively, honestly, thought that's what he was being told, is that a problem? It is a problem, Your Honor, because that's not really the correct standard, I don't think, in this particular case. But again, going back to the fact that... No, is that a problem with respect to malpractice? Ineffective assistance, if he subjectively, but honestly, erroneously, but subjectively and honestly believed that's what he was being told. Well, I think that's what... I think that he subjectively believes that. But I think when the court's looking at it, it's not a... You're backing up to don't believe that he subjectively, honestly, believed it. I'm asking you, assume that he did subjectively and honestly believe that. Is that a problem? I think that's exactly what he's saying, is that he subjectively believed it. Good, then you can assume it. But I... Is it a problem? I think that's what counsel is saying, is that this is what he was... It is what he said. Is it a problem? It is a problem because it's not a reasonable... It just simply isn't. And I think when you then start to look at... So his honest, subjective belief, if not objectively reasonable, then that erases the issue. It does, Your Honor, because I think when you then get down to whether or not his waiver was valid, and then you take it the next step further under the ineffective assistance of counsel review, it was reasonable for this attorney to give him advice to not testify. So I think you sort of have to look at it from the bigger picture, especially from the habeas perspective. You're looking at it with deference to all of these findings. But he has a constitutional right to reject very good advice that he not testified. He does. There's no doubt about that. Right, he can do that. And so if the lawyer secured that consent by misleading his client, then wouldn't we have a problem? It would definitely be a different situation. I'm not sure how you would know that he was misleading his client. I think the argument here is that he really did mislead the guy by saying something that was literally true, but would only be material to the client if the client read into it that it was more than a long shot. Well, I don't think this attorney misled him in any way. I think he was giving him sound advice, and I think all of the lower courts have agreed with that, that this was sound advice. And the SJC in particular talks about what his proposed testimony would have been, and that wouldn't have changed the outcome of his case. Can I ask you so that one argument is you can't deduce. There are many different ways in which the lawyer's statement could have been made. The tone might matter. The context of it might matter. And you can't deduce, I guess is your argument implicitly, but you can't deduce whether it was truly objectively misleading advice from the fact that the recipient of it was misled subjectively. Just because he got the wrong message from it, we can't say, therefore, that's on the lawyer. The lawyer may have said something perfectly true, which was not intended to mislead, and nonetheless the defendant misconstrued it. So that might take care of the Strickland problem. With respect to the knowing and intelligent waiver issue, though, does the subjective understanding of the defendant matter or not matter for purpose of determining whether the waiver was knowing and intelligent? Because as I understand the district courts, I mean the state courts reading, we're supposed to read that affidavit to say he understood he could do a do-over. Does that vitiate the knowing and intelligent nature of the waiver? Because that's plainly wrong. If he was waiving on that understanding, he was terribly wrong to think so. Right. So why doesn't that mean there was no knowing and intelligent waiver? Well, I think in this particular case, and again I go back to deference to the state court, specifically the trial court, who looked at whether or not this waiver was valid from that perspective and says this affidavit just isn't credible. And that so-called subjective belief that he was going to, that his decision wasn't final. Can I ask you about that? Because there's two ways, and I'm having trouble understanding what the state court exactly was saying in that regard. One way to understand it is that the affidavit's not credible. He did not believe that he could have a do-over. In other words, he correctly apprehended the advice. And we would have to defer to that fact finding. But the opinion's a little hard to follow for me as to whether it's saying that or whether it's saying he, in fact, had a subjectively, a subjective understanding of the advice that led him to think he could have a do-over. But it's unreasonable to have such a belief. Therefore, it was a knowing and intelligent waiver. Notwithstanding what he actually subjectively thought, since no reasonable person should think that. Right. The waiver is knowing. Which of the two is the state court saying? The way I've read it is the second version. Okay, and the second one. Is the state court correct to conclude that for the purpose of determining whether a waiver is knowing and intelligent, we don't care what the subjective mindset of the person giving the waiver was? I think based on the case law that the state court cites to it in its state law, that is the correct standard. And they evaluate whether or not it's knowing and voluntary by looking at the credibility of it. The reason that just seems strange, and maybe you can help me with it, if the person making the waiver was incompetent or had a mental disability, all kinds of things that would lead them to have an objectively unreasonable understanding of what they were doing, we wouldn't count the waiver as knowing and intelligent. So if we have a finding that a person waived under a misapprehension, why should we conclude that they made a knowing waiver? He didn't waive under a misapprehension. Well, the finding of the state court you told me was that he did. It was an unreasonable one, but it was one that he had. His position is that he had this belief. I thought you told me the state court finding was that that was his understanding. It just happened to be an unreasonable one. Or are you saying that it was not his understanding because it would be unreasonable to think he had that understanding? Those are two different ways of understanding what the state court is saying. And I think that the way the state court was reading it was saying that he didn't meet his burden to say that his waiver was invalid or that he was discouraged or dissuaded from making his waiver or that he didn't do it knowingly and voluntarily because his affidavit wasn't believable. But that means he didn't have the understanding, subjectively even, that he could do a do-over. I'm sorry, Your Honor. I think I'm confused at this point. If his affidavit is not believable, that means he did not think he could do a do-over. Well, he specifically says that he thought his decision wasn't final. Those are his words. Correct. The trial court takes that to say that his subjective understanding of the advice that was given from counsel was that he would be able to undo his waiver. Okay. So given that, that's the finding. It seems reasonable. We would defer to it. Okay. Now, given that understanding of a defendant, how can he then make a knowing waiver? Well, again, because I think that as the trial court points out, his affidavit just isn't believable. It isn't credible that that's what he would think. Right? I think Judge Barrett is trying to find out. I'm trying to find out. It isn't believable why? Because he didn't really believe it or no reasonable person would believe it, but he did. I think the trial court says that no reasonable person would believe it, and I think that's what's followed through. Stop. Did he believe it? I don't know, Your Honor. What's the state court say? The state court's trying to remember specifically. I don't know that they say that. I think they say it's an unreasonable, subjective, unreasonable misunderstanding of the advice. Exactly. So let's just take what is the state's position with respect to the following question. Assume the state court thought he subjectively thought at the time he decided not to testify that he would be able to do a do-over. Okay? Let's say that's what the state court has found. Okay. If that's true, could he make a knowing and intelligent waiver? He could. Okay, how? How legally can a person who has that subjective misapprehension make a knowing and intelligent waiver? Because I think from the knowing and intelligent waiver standard, I think looking at it from the court, looking at it objectively is appropriate. Okay, and what case law tells us that we're only supposed to look at it objectively and we don't care about the mental state of the person waiving? Well, this particular issue goes back, Your Honor, to the point that from the habeas view that there is no real case law from the Supreme Court that would suggest that there is a set standard on how you determine a right to a waiver, a waiver to testify. So there really isn't any clear particular standard. I think part of the other problem that we really have in this case is that we're looking at everything through the hindsight. So this isn't one of those cases where you even have the defendant telling anybody at the time that he wants to testify until afterwards. And so when you start looking at all of these pieces together and then says, and this is not somebody who hadn't been to trial court before. I believe the district court points this out, that this particular gentleman had a criminal history, adding to the point that it's not reasonable for him to have believed he was going to get a do-over, regardless of how counsel gave that advice. And he is challenging that advice, and he is challenging his right to waive. I would just put forth that his claims that he's sort of trying to make as an independent right to testify waiver is invalid isn't correct on habeas because there's no Supreme Court case on that. And then if he moves into the ineffective assistance of counsel part of it, he certainly can't meet the Strickland standard with a double deferential standard for a habeas case because you certainly have the state court saying the advice that was given by counsel was reasonable, especially when you actually look at his proposed testimony versus the other evidence, and that it wouldn't have changed the outcome of this case. Thank you. Thank you. Just briefly, I'd say one issue that I think is causing some confusion is that state court put the burden of proof on the petition to approve an invalid waiver when the Supreme Court places the burden of proof on the state to prove that the waiver is valid. The state court's citing to the state court law is inconsistent with the Supreme Court. Secondly, the court cited and approved a portion of the affidavits that dealt with the advice. It didn't find those incredible. As the Supreme Court law on waiver is clear, test for waiver of a fundamental constitutional right is, as we said, knowing, intelligent, and involuntary waiver made with sufficient awareness of the relevant circumstances and likely consequences, and the courts indulge every presumption against the waiver. Now, in Bustamante, the Supreme Court said that general test applies to those rights which the Constitution guarantees to a criminal defendant to get a fair trial, to preserve a fair trial. In Rock v. Arizona, the court said, quote, the right to testify is basic to the guarantee of a fair trial. That is, the court has said the test for waiver is the same whenever a fundamental constitutional right that is part of the guarantee of a fair trial is at stake. So, yes, there is clearly established Supreme Court law on waiver and waiver of a right to testify. But what about when the subjective belief is unreasonable? Suppose he'd never had a conversation with his lawyer at all about this, but he had just believed from some TV show that he saw that he could get a do-over if he didn't testify. Would we have to throw out this verdict? I would think not. Probably not. And then, so you've got to then, to make this different, you've got to link it in to what counsel, you've got to have not just an understanding, but you've got to have counsel having misled him. That's correct. And if we don't employ a reasonableness standard at that entry, don't we, at that point, don't we end up back just where we are as if counsel had said nothing? Look first at what counsel's advice was, and then as opposed to the law I just stated, it was wrong. It was absolutely wrong. And the cases are uniform. That waiver induced by erroneous legal advice is invalid. So we know that. And we know that a reasonable reading of what counsel told him and what he said, I understood that, is reasonable. No one has ever said, ever, what an alternative understanding of that advice should be. It's never been said by any court because there isn't one in the context of this client, who, by the way, has never had a criminal trial. He had some weapons offenses as a young man, but never a criminal trial, particularly never one where he's charged with murder, whose counsel tells him specifically in that context where he's trying to make that decision of whether to testify or not, look, if you don't testify and follow my advice, you can challenge that. What is he supposed to understand? Thank you.